120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United STATES of America, Plaintiff-Appellee,
v.
Ceasar R. Gonzalez, Defendant-Appellant.
 No. 96-56461.
 United States Court of Appeals, Ninth Circuit.
 July 24, 1997.
Submitted July 22, 1997**
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ceasar Gonzalez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate the sentence imposed upon his conviction after guilty plea for conspiracy to possess with intent to distribute cocaine. We have jurisdiction pursuant to 28 U.S.C. §§ 1281 & 2255. We review the district court's denial de novo, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 3
 * In February 1995, Gonzalez pled guilty to conspiracy to possess with intent to distribute cocaine, pursuant to a written plea agreement with the government. The district court engaged in a full Rule 11 plea colloquy with the defendant.
 
 
 4
 One year later, Gonzalez filed a § 2255 motion claiming that: (1) his plea was not voluntary because of defense counsel's alleged failure to advise him of all possible defenses; (2) the government breached the plea agreement because the sentence imposed was consecutive to his prior sentences; (3) the calculation of his sentence was based on erroneous information. Without holding an evidentiary hearing, the district court denied Gonzalez's § 2255 motion and his motion for reconsideration, stating that all of Gonzalez's claims "are totally belied by the record." Gonzalez then filed this timely appeal.[1]
 
 II
 
 5
 On appeal, Gonzalez challenges the district court's conclusion that counsel's assistance was not ineffective.[2] To successfully challenge a guilty plea on grounds of ineffective assistance of counsel, a defendant must show that (1) counsel's representation was deficient and (2) there is a reasonable probability that the deficient performance prejudiced the defense. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985). A defendant who pled guilty must show a reasonable probability that, but for counsel's unprofessional errors, he would "not have ple[d] guilty and would have insisted on going to trial." Id. at 59.
 
 
 6
 In his motion, Gonzalez argued that counsel was ineffective because he failed to advise Gonzalez of (1) all the possible defenses, (2) the difference between an actual possession charge and a conspiracy charge, and (3) the consequences of pleading guilty, thereby rendering Gonzalez's guilty plea unintelligent and involuntary. To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969); United States v. Butcher, 926 F.2d 811, 817 (9th Cir.1991). The accused must be aware of the elements of the charges against him, the constitutional rights he is waiving by pleading guilty, and the possible punishment he faces. Boykin, 395 U.S. at 242-43.
 
 
 7
 The record belies Gonzalez's claims. In assessing the voluntariness of a guilty plea, contemporaneous on-the-record statements made by a defendant carry substantial weight. United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991). During the Rule 11 plea colloquy, the district court inquired whether Gonzalez had discussed the case thoroughly with his attorney, including all possible defenses and the consequences of pleading guilty. Gonzalez replied in the affirmative to each inquiry. Gonzalez also responded that he was satisfied with his attorney's representation.
 
 
 8
 Gonzalez stated in his § 2255 motion that he thought he was pleading guilty to count eight, which related to a lesser amount of cocaine, and not to count one. During the plea colloquy, however, the district court read count one to Gonzalez and asked defendant if he wanted to plead guilty to that particular count. Gonzalez responded affirmatively.
 
 
 9
 Because Gonzalez was adequately informed of the consequences of his plea, his guilty plea was voluntary. See Boykin, 395 U.S. at 242-43. Moreover, Gonzalez cannot show that he was prejudiced by counsel's actions and would have proceeded to trial. See Hill, 474 U.S. at 59. The district court did not err by finding that defense counsel did not render ineffective assistance.
 
 III
 
 10
 Gonzalez claims, for the first time on appeal, that he received ineffective assistance because defense counsel's interpreter promised him a concurrent sentence which induced him to plead guilty. He maintains that this alleged inducement renders his plea unintelligent even though he stated during the plea colloquy that no promises of a particular sentence were made to him and no force was used to elicit his plea. In his reply brief, Gonzales argues that these statements carry no weight because he did not have an official court interpreter present during the plea colloquy. Because there are no exceptional circumstances warranting review of these-arguments for the first time on appeal, we decline to address them. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) (stating that we generally will not address arguments raised for the first time on appeal; United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986) (stating that we generally will not address arguments raised for the first time in appellant's reply brief)
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Gonzalez filed his § 2255 motion prior to the effective date of the Antiterrorism and Effective heath Penalty Act, no certificate of appealability is required. See Lindh v. Murphy, No. 96-6298, 1997 WL 338568 (U.S. June 23, 1997) (the Act does not apply to non-capital cases filed prior to April 24, 1996)
 
 
 [2]
 Gonzalez does not appeal the district court's holdings that the government did not breach the plea agreement and that his sentence was proper