**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

AUG 1 1997

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

                                    No. 96-2151
                                    No. 96-2303

JAMES LONZO TURNER and KEVIN
ORLANDO MOORE,

                          (D.C. No. 95-CIV-270-JC)
                              (D.N.M.)

    Defendants-Appellants.

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

Defendants James Lonzo Turner and Kevin Orlando Moore appeal the district

court's denial of their motions to vacate, set aside, or correct their sentences brought

under 28 U.S.C. § 2255. Turner and Moore pleaded guilty to charges of conspiracy and

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a); 10th Cir. 34.1.9. The case is therefore ordered
submitted without oral argument.

possession with intent to distribute more than five kilograms of cocaine. The district court sentenced them to 13 years imprisonment to be followed by five-year terms of supervised release. Turner and Moore do not need a certificate of appealability under recently-amended § 2253 because they filed their § 2255 proceeding before the effective date of the amendment. See United States v. Gutierrez, No. 96-2300, 1997 WL _ (10th Cir. July 11, 1997) (unpublished); see also Lindh v. Murphy, No. 96-6298, 1997 WL 338568 (US June 23, 1997) (holding that 1996 amendments requiring a certificate of appealability in § 2255 cases do not apply to cases filed before the effective date of the amendments). Thus, exercising jurisdiction under 28 U.S.C. § 1291, we proceed to the merits and affirm.

Turner and Moore first contend that their guilty pleas were obtained involuntarily because they were promised that the plea agreement would include a stipulation that they could still pursue their motion to suppress evidence obtained during their arrest and because they were not informed that their sentence would include a period of supervised release. They also contend that they pleaded guilty because of ineffective assistance of counsel, and that their attorneys failed to apprise them of their appellate rights.

We determine the issue of a plea's voluntariness de novo. See United States v. Rhodes, 913 F.2d 839, 843 (10th Cir. 1990). Likewise, we determine the issue of counsel's effectiveness de novo, see Brecheen v. Reynolds, 41 F.3d 1343, 1365-66 (10th Cir. 1994), cert. denied, 115 S. Ct. 2564 (1995), while accepting any underlying factual

2

findings unless they are clearly erroneous, see United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993). After reviewing the magistrate judges' reports and recommendations,[1] the record on appeal, the district court's orders, and the parties' briefs, we find no reversible error and affirm for substantially the reasons set forth by the magistrate judges.

First, the plea agreements reflected the entire agreement between Turner and Moore and the government. Those agreements do not reflect a condition that the pleas were subject to a condition preserving their right to a hearing on their motions to suppress. Likewise, the transcripts of the plea hearings do not indicate that they preserved this right. Thus, Turner and Moore have failed to show that their guilty pleas were involuntary because they were not afforded a hearing on their motions to suppress.

Second, the transcript of Turner's plea hearing, attended by Moore, establishes that the district court informed them that the maximum penalty they faced was life without the possibility of parole. The district court also informed Turner and Moore individually that the maximum penalty was 13 years if the court accepted their pleas. While the government concedes in its brief that the district court did not inform Turner or Moore of the five-year term of supervised release, they have failed to show that they would not have pleaded guilty had they been informed of the supervised release. See United States

---

[1]  Separate magistrate judges worked on Turner's and Moore's § 2255 proceedings. The proceedings were consolidated on appeal.

v. Wright, 930 F.2d 808, 810 (10th Cir. 1991); United States v. Barry, 895 F.2d 702, 704 (10th Cir. 1990). The hearings transcripts reflect that Turner and Moore discussed the charges with their attorneys and that they had no complaints about their counsel. Conviction of the charges requires the imposition of supervised release. See Barry, 895 F.2d at 704. Turner and Moore were sentenced immediately after the taking of the pleas and neither of them, nor their attorneys, voiced an objection to the imposition of supervised release. Lastly, the sentences of 13 years of imprisonment followed by five-year terms of supervised release are substantially below the sentences they faced in the absence of a plea bargain.

Third, although we see no real evidence of deficient performance by their attorneys, Turner and Moore fail to show that they were prejudiced by any deficient performance. See United States v. Taylor, 832 F.2d 1187, 1194-95 (10th Cir. 1987). Chiefly on this appeal, Turner and Moore argue the merits of their motions to suppress. However, they waived all nonjurisdictional defenses by pleading guilty. See United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir. 1990). The record shows that their attorneys negotiated, through a series of offers and counter-offers lasting over an hour, a plea bargain for a sentence of 13 years imprisonment reduced from life. They have not shown that there is reasonable probability that but for their attorneys' unprofessional errors, they would not have pleaded guilty.

Finally, Turner and Moore contend that they were denied effective assistance of counsel because their attorneys not only failed to inform them of their appellate rights but instead told them that they had waived their right to appeal as part of the plea agreement. They contend that the plea agreement does not reflect a waiver of the right to appeal. The government does not respond to this argument in its appellate brief. However, the magistrate judges did not address the argument in their reports and recommendations, the district court did not address it in its orders, and nothing in the portion of the record provided by Turner and Moore indicates that this issue was raised below. We decline to consider it in the first instance.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge