### UNITED STATES of America

v.

### John P. SKANDIER, Appellant.

### No. 97–3129.

United States Court of Appeals, Third Circuit.

Submitted by the Clerk for a certificate of appealability pursuant to 28 U.S.C. § 2253 July 24, 1997.

Decided Sept. 22, 1997.

John Peter Skandier, Loretto, PA, pro se.

Bonnie R. Schleuter, Assistant United States Attorney, Pittsburgh, PA, for Appellee.

Before: BECKER, ALITO, and McKEE, Circuit Judges(Motions Panel A).

**OPINION OF THE COURT**

BECKER, Circuit Judge.

Title 28 U.S.C. § 2253, which was enacted as Part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in relevant part provides:

. . .

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

. . .

(B) the final order in a proceeding under § 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

Prior to AEDPA, a 28 U.S.C. § 2255 petitioner could pursue an appeal from denial of a § 2255 petition without first obtaining a certificate of appealability ("CAPP"). The motion presently before us raises the question whether, in the wake of the Supreme Court's recent decision in *Lindh v. Murphy*, —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), the CAPP provisions apply to an appeal taken *after* the effective date of the AEDPA[1] from an order denying a motion under 28 U.S.C. § 2255 that was filed *before* that date. We hold that they do not.

**I**

In February 1996, John Peter Skandier moved in the District Court for the Western District of Pennsylvania to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In February 1997, after the district court denied his motion, Skandier filed a timely notice of appeal. This court advised Skandier that, pursuant to 28 U.S.C. § 2253(c)(1), he would have to obtain a CAPP from the court before his appeal would be entertained. Skandier then filed a CAPP request in which he claimed, inter alia, that § 2253(c) should not apply to him because his § 2255 motion was filed in the District Court before April 24, 1996, the effective date of AEDPA. By order dated May 27, 1997, a

1. Pub.L. 104–132, 110 Stat. 1214.

panel of this Court declined Skandier's CAPP request, reasoning that Skandier had failed to make the substantial showing of a denial of a constitutional right that is required by 28 U.S.C. § 2253(c)(2). Skandier then filed a petition for rehearing en banc, which was denied.

Before us now is Skandier's "motion for reconsideration and reinstatement," which we shall construe as a motion to recall the mandate and for reconsideration. Skandier repeats his contention that § 2253(c) does not apply to his appeal, this time citing *Lindh*.

## II

■ In *Lindh*, the Court was presented with the question whether a portion of AEDPA dealing with state habeas corpus petitions in noncapital cases applies to petitions pending when AEDPA was passed. The Court held that it does not. The crux of the Court's analysis reaching this conclusion was a distinction between AEDPA's amendments to chapter 153 of Title 28 and the newly enacted chapter 154. According to the Court's reading of the legislative history of the Act, Congress intended to apply the amendments to chapter 153 (of which § 2253 is a part) "only to such cases as were filed after the statute's enactment (except where chapter 154 otherwise makes select provisions of chapter 153 applicable to pending cases)." *Lindh*, —— U.S. at ——, 117 S.Ct. at 2063. The amendments to chapter 153 include those amendments bearing on § 2255 motions. AEDPA created chapter 154 of Title 28 to deal especially with habeas corpus proceedings against a state in capital cases. *See Lindh*, —— U.S. at ——, 117 S.Ct. at 2063.

The basis for the Court's distinction between chapters 153 and 154 is its reading of § 107(c) of the Act, 110 Stat. 1226, which provides that the new chapter 154 "shall apply to cases pending on or after the date of enactment of this Act." The Court holds that since Congress "was reasonably concerned" about ensuring the retroactive application of chapter 154, it would have been "just as concerned" about the retroactive application of the chapter 153 amendments if it

had desired the same result. —— U.S. at ——, 117 S.Ct. at 2064. In other words, by negative implication the presence of § 107(c) indicates that Congress did not intend for those amendments to chapter 153 not expressly made applicable to pending cases elsewhere in the text of AEDPA to be applied to such cases. The Court concludes: "We hold that the negative implication of § 107(c) is that the new provisions of chapter 153 generally apply only to cases filed after the Act became effective." *Id.* at ——, 117 S.Ct. at 2068.

As additional support for its conclusion, the Court also discusses the newly enacted 28 U.S.C. § 2264(b). In brief, § 2264(b) (which is part of chapter 154) provides for the application of § 2254(d) and (e) (which are part of chapter 153) to pending cases. The Court concludes that there would have been no need for Congress to provide expressly for the retroactive application of 2254(d) and (e) if it had intended for chapter 153 to apply generally to all cases pending when the Act took effect. *See id.* at —— – ——, 117 S.Ct. at 2066–68.

■ Although there is some disagreement over the meaning of the "generally apply" wording, *see Tiedeman v. Benson*, 122 F.3d 518 (8th Cir.1997), discussed *infra* at pp. 181–82, we believe that the most plausible reading of the Court's language is that the amendments to chapter 153 should not be given retroactive effect unless expressly provided for elsewhere in the text of the Act. We believe that this reading is most consistent with the tenor and analysis of the Court's opinion in *Lindh*. Thus, since § 2253(c) is part of chapter 153, we find that that section should not apply to a § 2255 motion that was filed before AEDPA's effective date. This conclusion is in accord with the clear weight of authority.

Consistent with our understanding, the Court of Appeals for the Fifth Circuit has interpreted *Lindh* as entailing that the certificate of appealability provisions of § 2253 may not be applied to appeals from denials of both § 2254 habeas petitions and § 2255 motions that were filed before AEDPA's effective date. *Green v. Johnson*, 116 F.3d 1115,

1120 (5th Cir.1997); *United States v. Carter,* 117 F.3d 262, 263–65 & n. 1 (5th Cir.1997); *United States v. Roberts,* 118 F.3d 1071 (5th Cir.1997). The Court of Appeals for the Sixth Circuit has reached the same conclusion. *Arredondo v. United States,* 120 F.3d 639, 639–40 (6th Cir.1997)(citing *Carter*). Additionally, in the wake of *Lindh,* the First Circuit has issued an amended practice order providing that its Interim Local Rules 22.1 and 22.2 (pertaining to the processing of certificates of appealability) apply only "to the processing of non-capital § 2254 and § 2255 petitions ... which were filed on or after April 24, 1996." Amended Practice Order (1st Cir. July 22, 1997). *See also Martin v. Bissonette,* 118 F.3d 871, 874–75 (1st Cir. 1997) (in *Lindh* the Supreme Court held that "AEDPA does not apply to habeas petitions which were pending at the time the new law took effect").

We also note that unpublished opinions in two other circuits reach the same result: *United States v. Gonzalez,* 1997 WL 415334 at *1 n. 1 (9th Cir.1997) ("Because Gonzales filed his § 2255 motion prior to the effective date of the [AEDPA], no certificate of appealability is required"); *United States v. Turner,* 1997 WL 431824 at *1 (10th Cir. 1997) (same, characterizing *Lindh* as "holding that 1996 amendments requiring a certificate of appealability in § 2255 cases do not apply to cases filed before the effective date of the amendments" even though section 2255 was not specifically addressed in *Lindh*). Although we would not ordinarily rely on unpublished opinions, which normally are not precedential, we view those opinions as the functional equivalent of the First Circuit's practice order, establishing the internal practice to be followed in the respective circuits with respect to the appeals from denials of § 2255 petitions.

Broad language in recent cases from other of our sister circuits involving various provisions of chapter 153 suggests that most courts agree with our interpretation of the scope of *Lindh. Johnson v. Washington,* 119 F.3d 513, 521 n. 5 (7th Cir.1997) ("We are aware that the United States Supreme Court has recently decided that the new provisions of Chapter 153 of the [AEDPA] ... are not applied retroactively to pending cases."); *Reddick v. Haws,* 120 F.3d 714, 715 n. 1 (7th Cir.1997) ("Reddick's petition was filed before the [AEDPA] became law. The provisions of that act therefore do not govern our review of his claims."); *Amaya–Ruiz v. Stewart,* 121 F.3d 486, 488 n. 1 (9th Cir.1997) ("Amaya–Ruiz filed his petition prior to the passage of the [AEDPA]. The new provisions of Chapter 153, therefore, do not govern our resolution of this appeal."); *Contreras v. Schiltgen,* 122 F.3d 30, 31 (9th Cir.1997) ("Because Contreras' petition was filed prior to April 24, 1996, this appeal is unaffected by the [AEDPA].").[2]

In contrast, in *Tiedeman v. Benson, supra,* the Court of Appeals for the Eighth Circuit addressed the similar question whether a certificate of appealability is required in an appeal from the denial of a § 2254 petition where the petition was filed before April 24, 1996, and the appeal was filed after that date. The court reached the opposite conclusion from that reached in the cases cited above, reasoning:

> Whatever changes the AEDPA has made with respect to appeals by habeas corpus petitioners are procedural only. The notice of appeal, together with Tiedeman's application for a certificate of appealability, was filed after the enactment of the AEDPA. We recognize that the Supreme Court in *Lindh* ... has held that the amendments made by AEDPA to Chapter 153 ..., generally speaking, are prospective only. The particular provision of the law at issue in *Lindh,* however, had to do with the substantive standards for review of state court judgments by habeas courts. In stating its holding at the end of its opinion, the Court said that "the new provisions of Chapter 153 *generally* apply only to cases filed after the Act became effective" ... (emphasis ours). The parties to this case agree that the new provisions

**2.** Indeed, before *Lindh* was decided this Court had reached the same conclusion concerning certain changes made by AEDPA with regard to second or successive petitions. *Burkett v. Love,* 89 F.3d 135, 138 n. 2 (3d Cir.1996) ("The present petition had been filed before that amendment to § 2254 was enacted, and consequently, it does not apply here.").

with respect to certificates of appealability made no substantive change in the standards by which applications for such certificates are governed. Moreover, we can think of no reason why a new provision exclusively directed towards appeal procedures would depend for its effective date on the filing of a case in a trial court, instead of on the filing of a notice of appeal or similar document.

*Id.* at 520–21.

The Eighth Circuit's analysis turns on the penultimate sentence of *Lindh:* "the new provisions of chapter 153 *generally* apply only to cases filed after the Act became effective." —— U.S. at ——, 117 S.Ct. at 2068 (emphasis added). From this use of "generally" the *Tiedeman* court determines that the Supreme Court meant to say that not all provisions of Chapter 153 apply only prospectively, and, we infer, that typical rules of statutory construction (e.g. distinguishing between substantive and procedural amendments) should apply to reach the conclusion that § 2253(c) should have retroactive application. *See, e.g., Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)(setting forth default rules of construction with regard to retroactive application).

We disagree. The essential message of *Lindh,* we believe, is that we need not resort to a *Landgraf* analysis with its default rules of retroactive/prospective application when the intent of Congress is clear and no Constitutional violation would be worked by applying the statute as Congress intended. The *Tiedeman* court's reading of the "generally apply" language as permitting application of some arguably procedural sections to pending cases is undermined by the Supreme Court's analysis of § 107(c) and § 2264(b). The Court could not assert that *none* of the chapter 153 amendments have retroactive effect when § 2264(b) expressly allows for an exception. We conclude that the most plausible reading of the Court's language is that the amendments to chapter 153 should not be given retroactive effect unless expressly provided for elsewhere in the text of the Act, and that that reading is most consistent with the tenor and analysis of the *Lindh.*

Thus, since § 2253(c) is part of chapter 153, we hold that that section should not apply to a § 2255 motion that was filed before AEDPA's effective date. Because we dispose of this case on the grounds of Congressional intent, as the Supreme Court itself has found it, we need not address the matters that would be predicate to determining applicability of the default rules.

Nor are we persuaded that the filing of a notice of appeal after AEDPA's effective date institutes a new proceeding such that we could find that Skandier's case was not pending on April 24, 1996, and thus that the new § 2253(c) should apply. Rather, we believe that the better view for present purposes is that there is but one case, which commences with the filing of the petition or motion and continues through the appellate process. Thus, so long as the § 2255 motion was filed before April 24, 1996, there was a case pending on that date even if the notice of appeal was filed after that date. At all events, we are controlled by *Lindh,* and our decision here is compelled by the Court's reasoning in that case.

We conclude, then, that because Skandier's § 2255 motion was filed before April 24, 1996, § 2253(c) as amended by AEDPA does not apply to his appeal from the denial of that motion, and that he should not have been required to obtain a certificate of appealability before his appeal proceeded to consideration on the merits.

### III

■ In the present case, we address this issue not in the context of a request for a certificate of appealability but, after such a request and a subsequent petition for rehearing had been denied, in the context of a motion to recall the mandate and for rehearing. We must also decide, therefore, whether this is a situation in which the mandate should be recalled.

In *American Iron & Steel Institute v. E.P.A.,* 560 F.2d 589, 594 (3d Cir.1977), *cert. denied,* 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978), we joined other courts of appeals and held that we have the authority to recall a mandate. We concluded that

while a decision to recall a mandate is discretionary, it is an extraordinary remedy to be used only in unusual circumstances to prevent injustice or otherwise for good cause. *Id.* We also noted that courts have listed five types of situation which would justify recalling a mandate, one of which is where a subsequent Supreme Court decision has shown that the original judgment was wrong. *Id.*

We believe that the circumstances of the present case warrant the recall of the mandate. The AEDPA is not a model of the legislative drafter's art. Rather, as the Supreme Court has noted, "in a world of silk purses and pigs' ears, the Act is not a silk purse of the art of statutory drafting." *Lindh,* —— U.S. at ——, 117 S.Ct. at 2068. One result has been the uncertainty concerning the applicability of the AEDPA to habeas petitions filed before April 24, 1996. For the reasons given above, we believe that *Lindh* has clarified the matter, discerning a Congressional intent not to allow the application of the chapter 153 amendments to pending cases unless specifically provided for elsewhere in the Act. To that extent, this case falls within the criterion listed above. Accordingly, Skandier's motion must be granted.

## IV

For the foregoing reasons, the mandate will be recalled and this Court's order dated May 27, 1997, denying Skandier's request for a certificate of appealability will be vacated.