**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-31227**
_____

**RAY L. JETER,**

**Petitioner-Appellant,**

**versus**

**TERRY TERRELL, Warden,**
**Allen Correctional Center**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(95-CV-874)**
_____

June 13, 1997

Before HIGGINBOTHAM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ray L. Jeter, Louisiana prisoner #153917, appeals from the denial of habeas relief. Of course, we must examine the basis of our jurisdiction, on our own motion if necessary. *Mosley v. Cozby*, 813 F.2d 659 (5th Cir. 1987). Examination of the record discloses that the notice of appeal is ineffective.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Final judgment was entered on 23 July 1996. On 2 August 1996, Jeter filed a motion entitled "Petitioner's Objections to said Ruling Denial of Writ of Habeas Corpus and Dismissal with Prejudice with Memorandum of Law in support thereof." And, on 8 August, he filed a motion entitled "Motion to Alter or Amend Judgment." But, based on our review of the record, it does not appear that the district court has ruled on either of these motions.

FED. R. APP. P. 4(a)(4) provides that, if a timely motion is made pursuant to FED. R. CIV. P. 59(e), a notice of appeal filed after entry of judgment, but before disposition of the motion, is ineffective until entry of the order disposing of the motion. And, a motion challenging the judgment is treated as a Rule 59 motion for purposes of Rule 4(a)(4), regardless of the label applied to the motion, *if* it is made within the 10-day limit for Rule 59 motions. *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir.)(en banc), *cert. denied*, 479 U.S. 930 (1986).

Jeter's 2 and 8 August motions must be treated as a Rule 59(e) motion and an amendment thereto; the motions challenge the judgment, and the first was filed within ten days of entry of judgment. *See* Fed. R. Civ. P. 6(a). Because it appears that the motions have not been ruled on, Jeter's notice of appeal is ineffective. Accordingly, we must **REMAND** to the district court for

- 2 -

a ruling on the motions. *See Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994).

On remand, if the postjudgment motions are denied:

1. The district court should also rule on whether a certificate of appealability should issue. *Muniz v. Johnson*, ___ F.3d ___ 1997 WL 265120 at *2 (5th Cir. May 20, 1997); and

2. The district court then shall return the record to this court for processing the appeal, with a new notice of appeal not being required.

*DISMISSED AND REMANDED*
