United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 05-70056
_____

LAWRENCE RUSSELL BREWER,

Petitioner - Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee.

Appeal from the United States District Court
for the Eastern District of Texas

**ON PETITION FOR REHEARING**

Before SMITH, GARZA, and PRADO, Circuit judges.

PER CURIAM:

Lawrence Russell Brewer seeks rehearing on our decision treating as waived his request for

certificate of appealability (COA) on two issues that he did not raise in his previous request for COA

before the district court. We deny this petition for rehearing and write to reaffirm that the waiver

doctrine applies to COA applications.

Initially, Brewer filed a habeas petition on 15 issues. The district court denied all 15.

Following the denial, Brewer filed with the district court a Rule 59 motion to correct judgment as to

eight of the 15 claims. This was also denied. Then Brewer filed in the district court a notice of

appeal and application for COA, which stated, "Petitioner respectfully requests this Court grant a Certificate of Appealability upon the matters raised within Petitioner's previously filed Motion to Correct Judgment." Treating this as a request for COA only as to those eight issues raised in the motion to correct judgment, the district court denied COA on seven issues and granted COA on one issue. Brewer then filed an appeal in this court on the one issue for which he was granted a COA. On the same day he filed his appellate brief, Brewer also filed an application for COA as to two issues for which habeas had been denied but which were not included in Brewer's motion to correct judgment, and therefore were not included in Brewer's initial request for COA. Ultimately, this court denied Brewer's appeal as to the issue for which Brewer was granted a COA and denied as waived the two issues in his request for COA filed in this court not previously filed with the district court.

Brewer's motion for rehearing relates only to the two issues we treated as waived. He raises three arguments. First Brewer argues that had the district court treated his notice of appeal as a request for COA on all claims denied habeas, then the two claims would now be properly before this court. Although Brewer is correct that a notice of appeal can be treated as a constructive request for COA, *see* Fed. R. App. P. 22(b)(2), a notice of appeal will only be treated as a constructive request of COA where no request for COA is filed. *See Miller v. Dretke*, 404 F.3d 908, 912 (5th Cir. 2005) ("[U]nder Federal Rule of Appellate Procedure 22(b)(2), a notice of appeal constitutes a COA request, if no separate request is filed."); *see also United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000) ("Rule 22(b)(2) provides that when an appellant fails to file an express request for a COA with the court of appeals, the notice of appeal constitutes such a request to the judges of the court of appeals."). Because Brewer specifically requested a COA, the district court was correct not to treat Brewer's notice of appeal as a constructive request for COA and properly limited the request

2

for COA to those eight claims raised in the motion to correct judgment.

Next Brewer contends that he should be allowed to file a request for COA in the circuit court on issues not previously denied COA in the district court. For this reason, Brewer argues, the two claims were properly before this court. The framework created by the statute, 28 U.S.C. § 2253(c)(1), and the procedural rule, Fed. R. App. P. 22(b), is not crystal clear on this point, but our caselaw is: "'A district court must deny the COA before a petitioner can request one from this court.'" *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998) (quoting *Muniz v. Johnson*, 114 F.3d 43 (5th Cir. 1997)); *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997) ("Under *Muniz*, jurisdiction is not vested in this Court because the district court has not yet considered whether COA should issue."). A request for COA must be filed in the district court before such a request can be made in the circuit court.

Brewer's third argument is that even if all requests for COA must go through the district court before reaching the circuit court, a request for COA filed with the circuit court in the first instance should be remanded to the district court rather than treated as waived. On this point, Brewer misunderstands the reason why his claims were waived. We applied the waiver doctrine not because Brewer was attempting to bypass the district court's COA application procedure, but because Brewer had already availed himself of the district court's COA application procedure. He requested that the district court grant COA as to eight of his original 15 habeas claims. If he wanted to request a COA as to any of the other seven claims, he should have done so then. Instead, Brewer filed one request for COA with the district court, and then, six months after the district court's decision, filed a different request for COA in this court. By filing multiple COA applications raising different claims in different courts, Brewer has attempted to extend and complicate the process for habeas appeals.

3

The legislative intent behind the creation of the COA procedure, as a threshold requirement to appealing a denial of habeas, was to have the opposite effect. *See Barefoot v. Estelle*, 463 U.S. 880, 892 (1983) ("Congress established the requirement that a prisoner obtain a certificate of probable cause to appeal [the statutory predecessor to the COA] in order to prevent frivolous appeals from delaying the States' ability to impose sentences, including death sentences."). Requiring that all claims be raised at once is no more burdensome for a petitioner requesting COA than it is for a party on direct review, where the waiver doctrine is routinely applied. For this reason, it is proper to apply the waiver doctrine in the context of COA application procedures. *See also Foster v. Quarterman*, 466 F.3d 359, 366 (5th Cir. 2006) ("[I]n a situation such as this, where [the petitioner] appealed the denial of relief on various claims and requested a COA for that, he generally would have waived any claim not addressed in his COA application/brief.").

Even if we had considered Brewer's two waived claims, COA would not have been granted. To meet the standard for granting a COA, the petitioner "must demonstrate that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)), *cert. denied*, 127 S. Ct. 351 (2006). In making this determination, "we must be mindful of the deferential standard of review the district court applie[s]." *Miniel v. Cockrell*, 339 F.3d 331, 336 (5th Cir. 2003).

> Pursuant to 28 U.S.C. § 2254(d), the district court defers to a state court's adjudication of a petitioner's claims on the merits unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts

4

in light of the evidence presented in the State court proceeding." A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. A state court's decision constitutes an unreasonable application of clearly established federal law if it is objectively unreasonable.

*Id.* at 336-337 (citing *Williams v. Taylor*, 529 U.S. 362, 408-09 (2000)). Even though "any doubt as to whether a COA should issue in a death-penalty case must be resolved in favor of the petitioner," *Pippin*, 434 F.3d at 787, Brewer does not establish that reasonable jurists would find the district court's denial of habeas on the two waived claims to be debatable or wrong.

Brewer's first claim actually consists of two sub-parts. One sub-part claims that Brewer's Fifth Amendment right against self-incrimination was violated when the state court ordered him to submit to an examination by the prosecution's psychiatric expert before he presented any psychiatric evidence at trial.[1] Although Brewer had not yet presented any psychiatric evidence, he had explicitly indicated to the court an intent to do. The Texas Court of Criminal Appeals upheld the trial court's decision, relying on *Lagrone v. State*, 942 S.W.2d 602 (Tex. Crim. App. 1997), which states that a trial court may "order criminal defendants to submit to a state-sponsored psychiatric exam on future dangerousness when the defense introduces, *or plans to introduce*, its own future dangerousness expert testimony." *Id.* at 611 (emphasis in original).

The district court, in denying habeas on this claim, found that *Lagrone* was neither contrary to nor an unreasonable application of clearly established. Although the Supreme Court has never directly addressed the constitutionality of the Texas rule, it has signaled that an intent to present

---

[1] It should be noted that Brewer is not now claiming that his counsel was not notified or that he was given inadequate warnings prior to examination. His claim, in this sub-part, is only that he cannot be ordered to submit to an examination until *after he has presented psychiatric evidence*.

psychiatric evidence is material to determining the petitioner's Fifth Amendment rights. *See Estelle v. Smith*, 451 U.S. 454, 465-66 (1981) ("When a defendant asserts the insanity defense and introduces supporting psychiatric testimony, his silence may deprive the State of the only effective means it has of controverting his proof on an issue that he interjected into the case. . . . Respondent, however, introduced no psychiatric evidence, nor had he indicated that he might do so."). In this case, Brewer did indicate that he might introduce psychiatric evidence. The Texas courts have stated that the purpose behind ordering the defendant to submit to the prosecutor's psychiatric examination is to protect the effectiveness of that examination as rebuttal. *Lagrone*, 942 S.W.2d at 611 ("Prohibiting the trial court from ordering a psychiatric exam until after the defense has actually presented his own expert testimony is bound to work against the State in almost every case."). It can hardly be said that jurists of reason would debate with the district court's decision to deny habeas on this claim. Therefore, we would have denied COA on this sub-part of Brewer's claim.

The next sub-part of this claim is that Brewer's constitutional rights were violated when the state offered its psychiatric testimony before Brewer presented any of his own psychiatric testimony, rather than in rebuttal. Brewer, though, failed to object to this at trial. On direct appeal, the state appellate court refused to address the merits of the claim and treated it as procedurally defaulted. "Procedural default of a federal claim in state court bars federal habeas review of that claim unless the petitioner can show 'cause' for the default and 'prejudice' attributable thereto or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (citing *Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986)). Brewer did not argue in the habeas petition, and does not argue here, that there was a fundamental miscarriage of justice. He did argue cause and prejudice. The district court rejected his

6

claim for cause, finding that the conduct of Brewer's attorney did not constitute ineffective assistance of counsel. In his request for COA on this claim, Brewer does not challenge the district court's determination that he failed to demonstrate cause for the procedural default; he only argues that the state should not be allowed to present its psychiatric evidence first. Because Brewer does not even argue that he meets the cause and prejudice standard, we would have denied COA on this sub-part of Brewer's claim as well.

The second claim for which Brewer seeks COA is whether there was constitutionally sufficient evidence to support a finding that Brewer had the requisite *mens rea* for both the kidnapping and the murder, the two charges used to support the capital murder charge in this case. Tex. Penal Code § 19.03(a)(2). Consistent with *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the district court reviewed the evidence in the light most favorable to the verdict and determined that a rational juror could have determined that the evidence establishes the essential elements of both kidnapping and murder.

The kidnapping statute states, "A person commits an offense if he intentionally or knowingly abducts another person." Tex. Penal Code § 20.03(a).[2] "Abduction means to restrain a person with intent to prevent his liberation by (a) secreting or holding him in a place he is not likely to be found; or (b) using or threatening to use deadly force." *Rayford v. State*, 125 S.W.3d 521, 526 (Tex. Crim. App. 2003) (citing Tex. Penal Code § 20.01(2)). "Restrain means to restrict a person's movements without consent so as to interfere substantially with the person's liberty by moving the person from one place to another or by confining the person." *Rayford*, 125 S.W.3d at 526 (citing Tex. Penal

---

[2] The statutory definitions for "intentionally" and "knowingly" are set out in Tex. Penal Code § 6.03(a) and § 6.03(b), respectively.

Code § 20.01(1)).

It is not debatable that a rational juror could infer from the facts of this case that Brewer acted intentionally or knowingly when he and two others abducted the victim, thus satisfying the *mens rea* requirement for kidnapping. Brewer and two other defendants picked up the victim and drove him to a remote location, where they physically subdued him, chained him to the back of a pick-up truck, and dragged the victim for a mile and a half. A rational juror is entitled to believe that Brewer performed these actions with the knowledge or intention that he was preventing the victim's liberation through the use of deadly force.

The murder statute states, "A person commits an offense if he intentionally or knowingly causes the death of an individual [or] intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual" Tex. Penal Code § 19.02(b)(1)-(2). "Intent can be inferred from the acts, words, and conduct of the accused." *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). Dragging the victim from behind a pick-up truck for a mile and half certainly indicates an intent, at the very least, to commit an act clearly dangerous to human life.

Brewer argues that there is substantial overlap between the intent requirements for kidnapping and murder and that this "coincidence of conduct does not permit the jury to reach a rational conclusion that [he] intended to commit two distinct offenses) ) kidnaping and murder) ) as opposed to simply murder or felony murder." This argument is meritless. The kidnapping statute focuses on the intent to restrain the victim and the murder statute focuses on the intent to murder or cause serious bodily injury to the victim. It is not debatable among rational jurists that the district court was correct to dismiss this claim. Therefore, we would have denied COA on this claim.

8

IT IS ORDERED that the petition for rehearing is denied.