**REVISED**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-50508

_____

PEDRO MUNIZ,

                              Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

May 20, 1997

Before SMITH, BARKSDALE, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


    Pedro Muniz, proceeding *in forma pauperis*, appeals the denial
of his petition for writ of habeas corpus.  We vacate the district
court's certificate of probable cause ("CPC") and remand the entire
case to allow the district court to decide whether a certificate of
appealability ("COA"), specifying which issues warrant review,
should issue.


I.

In February 1986, Muniz was convicted of capital murder and sentenced to death for the 1977 murder and rape of a college student. *See Muniz v. Texas*, 851 S.W.2d 238, 242-43, 246 (Tex. Crim. App. 1993). After Muniz unsuccessfully sought state habeas review, he filed a federal habeas petition, raising twenty-two claims for relief. The district court denied the writ in a comprehensive, 101-page opinion on June 6, 1996, and a few days later granted Muniz a CPC.

II.

Prior to the enactment of § 102 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1217-18 (1996) (codified at 28 U.S.C. § 2253), a habeas petitioner had to receive a CPC to appeal. *See* 28 U.S.C.A. § 2253 (West 1994). Section 2253, as amended by the AEDPA, now requires the petitioner to receive a COA, and this requirement applies to petitioners who did not receive a CPC prior to April 24, 1996, the effective date of the AEDPA. *See Drinkard v. Johnson*, 97 F.3d 751, 755-56 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 1114 (1997).

The standard for obtaining a COA is the same as for a CPC. *See id.* at 756. There is, nonetheless, at least one significant difference: A COA, unlike a CPC, must "indicate which specific issue or issues satisfy the showing required . . . ." 28 U.S.C.

§ 2253(c)(3).[1]

The district court, acting before we decided *Drinkard*, granted Muniz a CPC that did not specify which issues, if any, warrant appellate review. This CPC does not comply with § 2253(c)(3) and, therefore, is insufficient to vest jurisdiction in this court. Requiring the state to respond to Muniz's appeal without the benefit of knowing which issues are worthy of appeal "would . . . nullify this newly amended section by transforming the application for a COA into an appeal on the merits." *Lucas v. Johnson*, 101 F.3d 1045, 1046 (5th Cir. 1996) (per curiam).

## III.

We must determine whether we should decide ourselves whether a COA should issue or, instead, should remand to the district court.[2] First, we turn to the text of FED. R. APP. P. 22(b), as amended by § 103 of the AEDPA. Rule 22(b) states:

---

[1] A limited exception applies where the petitioner presented only one issue to the district court. In such a case, we do not require the technicality of specifying that lone issue. *See Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997) (per curiam) (on reconsideration).

[2] We previously ordered the state to file a brief addressing whether, and on which issues, a COA should issue. At the time we issued this briefing order, it would have been imprudent to remand, as this court had not decided whether district courts have the power to issue COA's. *Compare* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate or appealability, an appeal may not be taken . . . .") *with* FED. R. APP. P. 22(b) ("[T]he district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue."). We now know that district courts have the power to issue COA's. *See Else*, 104 F.3d at 83; *accord United States v. Asrar*, 108 F.3d 217, 218 (9th Cir. 1997) (order); *Houchin v. Zavaras*, 107 F.3d 1465, 1468-69 (10th Cir. 1997); *Lozada v. United States*, 107 F.3d 1011, 1015-16 (2d Cir. 1997); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1067-73 (6th Cir. 1997), *cert. denied*, 65 U.S.L.W. 3648 (U.S. May 12, 1997) (No. 96-1461); *Hunter v. United States*, 101 F.3d 1565, 1573-83 (11th Cir. 1996) (en banc), *cert. denied*, 65 U.S.L.W. 3648 (U.S. May 12, 1997) (No. 96-1443).

3

> If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge. . . .

A district court must deny the COA before a petitioner can request one from this court. The rule contemplates that the district court will make the first judgment whether a COA should issue and on which issues, and that the circuit court will be informed by the district court's determination in its own decisionmaking. *Cf. Lyons*, 105 F.3d at 1076 n.18 ("The Rule does not, however, give us the authority to correct a faulty certificate sua sponte.").

Second, deciding the COA issue ourselves risks inconsistent adjudication. Conceivably, we might decide that none of Muniz's claims for relief "make[s] a substantial showing of the denial of a constitutional right," and deny the COA. Yet, the district court presumably must have found that at least one of his claims meetS this standard, or it would not have issued the CPC. It would be ironic, in other words, if the district court's failure to anticipate *Drinkard* resulted in Muniz's losing his right to appeal.

Third, we are cognizant of the district court's superior familiarity with this habeas petition. Its considerable experience with this case should allow it accurately to determine which issues satisfy the COA requirement.

Finally, we note that two of our sister circuits have taken the same action in almost identical situations. *See Porter v.*

4

*Gramley*, No. 96-2205, 1997 WL 202199, at *3 (7th Cir. Apr. 25, 1997); *Lyons*, 105 F.3d at 1076 & n.18.  Therefore, we conclude that when a district court issues a CPC or COA that does not specify the issue or issues warranting review, as required by 28 U.S.C. § 2253(c)(3), the proper course of action is to remand to allow the district court to issue a proper COA, if one is warranted.[3]

The CPC is VACATED, and this matter is REMANDED for further consideration, as we have directed.

---

[3] Although we assume the district court will issue a COA, we do not intend to bind the court's hands.  Recent caselaw, especially our holding that the standards of review contained in § 104 of the AEDPA apply to pending habeas petitions, *see Drinkard*, 97 F.3d at 764-66, may lead the district court to reconsider its earlier decision.