UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 97-30319
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CLARENCE YOUNGBLOOD, JR.

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
June 27, 1997

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:

Clarence Youngblood, Jr., federal prisoner # 04714-056, pleaded guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Youngblood did not appeal.

Approximately four years later, Youngblood moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that his conviction under § 924(c) should be reversed

based on <u>Bailey v. United States</u>, 116 S. Ct. 501, 505-06 (1995).

The district court held that <u>Bailey</u> was not applicable because Youngblood had been convicted of carrying, not using, a firearm during and in relation to a drug-trafficking offense and that there was ample evidence that Youngblood "carried" the firearm. The district court denied § 2255 relief. Youngblood appealed and the district court granted leave to proceed on appeal <u>in forma pauperis</u> (IFP). Youngblood did not move for a certificate of appealability (COA) in the district court, and the district court did not <u>sua sponte</u> grant or deny a COA. Youngblood now seeks a COA in this Court.

DISCUSSION:

In <u>Muniz v. Johnson</u>, ___ F.3d ___, 1997 WL 265120 (5th Cir., May 20, 1997, No. 96-50508) a § 2254 case, this Court determined that the district court must rule on a motion for COA before a petitioner can request one from this Court and the manner in which the district court must rule:

> Prior to the enactment of § 102 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1217-18 (1996) (codified at 28 U.S.C. § 2253), a habeas petitioner had to receive a CPC to appeal. *See* 28 U.S.C.A. § 2253 (West 1994). Section 2253, as amended by the AEDPA, now requires the petitioner to receive a COA, and this requirement applies to petitioners who did not receive a CPC prior to April 24, 1996, the effective date of the AEDPA. <u>See</u> <u>Drinkard v. Johnson</u>, 97 F.3d 751, 755-56 (5th Cir. 1996), <u>cert. denied</u>, 117 S. Ct. 1114 (1997).
> The standard for obtaining a COA is the same as for a CPC. <u>See</u> <u>id</u>. at 756. There is, nonetheless, at least one significant difference: A COA, unlike a CPC, must

"indicate which specific issue or issues satisfy the showing required . . . ."  28 U.S.C. § 2253(c)(3).[1]

<u>Muniz</u>, at 1.  <u>Muniz</u> also interpreted Rule 22(b) of the Federal Rules of Appellate Procedure as providing that "[a] district court <u>must</u> deny the COA before a petitioner can request one from this court."  <u>Id</u>. (emphasis added).  Further, the court concluded "that when a district court issues a CPC or COA that does not specify the issue or issues warranting review, as required by 28 U.S.C. § 2253(c)(3), the proper course of action is to remand to allow the district court to issue a proper COA, if one is warranted."  <u>Id</u>. at 2 (footnote citation omitted).

This case presents the question whether <u>Muniz's</u> interpretation of § 2253 and Rule 22(b) applies to § 2255 cases.  We hold that it does.

Rule 22 is entitled "Habeas Corpus and Section 2255 Proceedings."  Rule 22(b) addresses a "Certificate of Appealability" and provides:

> In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of appealability pursuant to section 2253(c) of title 28, United States Code.  If an appeal is taken by the applicant, the district judge who rendered the judgment <u>shall</u> either issue a certificate of appealability or state the reasons why such a certificate

---

[1] A limited exception applies where the petitioner presented only one issue to the district court.  In such a case, we do not require the technicality of specifying that lone issue.  See <u>Else v. Johnson</u>, 104 F.3d 82, 83 (5th Cir. 1997) (per curiam) (on reconsideration) (footnote in original).

3

should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals. If an appeal is taken by a State or its representative, a certificate of appealability is not required.

(emphasis added). The following cases demonstrate the questions that have arisen in applying Rule 22(b).

In Hunter v. United States, 101 F.3d 1565 (11th Cir. 1996) (en banc) (a § 2254 case), the court held, inter alia, that the amendments to § 2253 and Rule 22(b) apply to pending § 2254 and § 2255 cases in which the notice of appeal was filed after the effective date of the AEDPA. Id. at 1573. The Eleventh Circuit noted the reference in Rule 22(b) to habeas corpus proceedings arising out of process issued by a state court and the absence of language, except in the title, concerning § 2255 federal prisoner proceedings. Id. at 1575 n.8. The court went on to disagree with the proposition that district courts lack the authority to issue certificates of appealability in § 2255 proceedings, stating that "there is no indication at all that Congress intended to distinguish between § 2254 and § 2255 proceedings relating to this issue." Id. 1575-76 n.8.

4

This Court, in United States v. Orozco, 103 F.3d 389 (5th Cir. 1996) (a § 2255 case),[2] held that the amendments to § 2253 and Rule 22(b) apply to pending appeals in which the notice of appeal was filed after the effective date of the AEDPA and that "a notice of appeal constitutes a request for the certificate if the request is not filed." Id. at 392.

In Lozada v. United States, 107 F.3d 1011, 1017 (2nd Cir. 1997) (emphasis added) (a § 2255 case), the court concluded "that an appellant seeking to appeal from the denial of either a section 2254 or a section 2255 petition must apply to a district court for a COA." The Second Circuit recognized that it was arguable that amended Rule 22(b) suggests that application to a district court is not required "because the Rule states that `[i]f no request for a certificate [of appealability] is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals.'" Id. at 1016-17. However, the court reasoned that, "read in context, this language is properly understood not to dispense with required district court consideration of a COA request, but only to spell out the procedure applicable after a district judge has denied such a request." Id. at 1017. "Rather than dispense with an application to a district court, the amended

---

[2] Orozco was decided before Else, in which the court held "that district courts retain the authority to issue certificates of appealability for § 2254 petitions under the AEDPA." Else, 104 F.3d at 83 (footnote citation omitted).

Rule simply sets forth the sequence of applications--first to the district court and then to the court of appeals." Id.

We conclude that the reasoning of Muniz is equally applicable in § 2255 cases. Unlike Muniz, Youngblood did not file a request for COA in the district court. Although the district court granted leave to appeal IFP, a grant of IFP is not the equivalent of a grant of a COA. The standard for issuance of COA, "substantial showing of the denial of a constitutional right," has a higher threshold than the IFP standard, that the appeal is not frivolous. See Clements v. Wainwright, 648 F.2d 979, 981 (5th Cir. 1981) (district court's grant of IFP based on "good faith" is not the equivalent of a grant of a CPC). Under Muniz, jurisdiction is not vested in this Court because the district court has not yet considered whether COA should issue. Id. at 1-2. We therefore remand the case to the district court for the limited purpose of considering whether COA should issue in accordance with Fed. R. App. P. 22(b) and § 2253(c)(3).

REMANDED.