IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50179
No. 97-50214
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTUMUS CHARLES MATTHEWS,

Defendant-Appellant.

- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Texas
USDC No. W-93-CR-9-1
USDC No. W-96-CV-462
- - - - - - - - - -
August 15, 1997

Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Artumus Charles Matthews, federal prisoner #60704-080, seeks to appeal from the grant of the Government's motion to reduce his sentence and from the denial of his own motion for relief under 28 U.S.C. § 2255.  Matthews moves to strike the appellee's brief; his motion to strike is DENIED.

We must examine the basis of our jurisdiction on our own motion if necessary.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1987). A timely notice of appeal is a prerequisite for the exercise of our jurisdiction. *United States v. Carr*, 979 F.2d 51, 55 (5th Cir. 1992). Matthews did not file a timely notice of appeal following the order granting the Government's motion for reduction of sentence; accordingly, appeal no. 97-50179 is DISMISSED for want of jurisdiction.

On April 24, 1996, the President signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to the instant case because Matthews's motion was filed in the district court after April 24, 1996. *See Green v. Johnson*, 116 F.3d 1115 (5th Cir. 1997). The AEDPA amended 28 U.S.C. § 2253 to require a certificate of appealability (COA) by a circuit justice or judge before an appeal may be taken in a § 2255 proceeding. § 2253(c)(1). A COA may be issued only if the prisoner has made a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

The district court must rule on a COA before Matthews may request a COA from this court. *See Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997); *United States v. Youngblood*, 116 F.3d 1113 (5th Cir. 1997). Accordingly, Matthews's § 2255 case, appeal no. 97-50214, is REMANDED for the limited purpose of allowing the district court to determine whether any of the issues Matthews wishes to raise merit granting Matthews a COA.

Appeal no. 97-50179 DISMISSED.

Appeal no. 97-50214 LIMITED REMAND.