**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 96-50676.

UNITED STATES of America, Plaintiff-Appellee,

v.

Timothy ROBERTS, Defendant-Appellant.

July 24, 1997.

Appeal from the United States District Court for the Western District of Texas.

Before SMITH, WIENER and BENAVIDES, Circuit Judges.

BY THE COURT:

Timothy Roberts currently is serving a 150-month sentence for establishing a facility for the manufacture of a controlled substance, *see* 21 U.S.C. § 856(a)(2). On May 22, 1995, Roberts, proceeding *pro se* and *in forma pauperis,* filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging four grounds for relief. On July 29, 1996, the district court issued an order denying Roberts's motion. Roberts appeals.

Section 102 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub.L. No. 104-132, 110 Stat. 1214, 1217-18 (1996) (codified at 28 U.S.C. § 2253), amended 28 U.S.C. § 2253 to require a certificate of appealability ("COA") before a final order in a § 2255 action can be appealed. In *United States v. Orozco,* 103 F.3d 389 (5th Cir.1996), we held that this requirement applies to § 2255 cases in which the notice of appeal was filed after April

1

24, 1996, the effective date of the AEDPA.  *See id.* at 390-92.

The district court issued Roberts a "certificate of probable cause."  Even construed as a COA, this certificate does not specify which issues warrant appellate review.  *See* 28 U.S.C. § 2253(c)(3) (stating that a COA "shall indicate which specific issue or issues satisfy the showing required").  We have held that, when faced with a COA that does not specify the issue or issues warranting review, the proper course is "to remand to allow the district court to issue a proper COA, if one is warranted."  *Muniz v. Johnson,* 114 F.3d 43, 46 (5th Cir.1997);  *see also United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir.1997)(per curiam)(holding that "the reasoning of *Muniz* is equally applicable in § 2255 cases").

Our jurisprudence in this regard has been affected by *Lindh v. Murphy,* --- U.S. ----, 117 S.Ct. 2059, --- L.Ed.2d ---- (1997). There, the Court held that, as a matter of statutory construction, "the [AEDPA's] amendments to chapter 153" apply only "to such cases as were filed after the statute's enactment."  *Id.* at 2063.

As § 2253 is a part of chapter 153, this effectively overrules our jurisprudence applying the newly-amended § 2253 to cases filed before April 24, 1996.[1]  Although *Shute, Tucker,* and *Green* are § 2254 cases, § 102 of the AEDPA does not differentiate between § 2254 actions and § 2255 motions.  Therefore, as we held in *United States v. Carter*, 117 F.3d 262, 264 (5th Cir. 1997) *Lindh* overruled

---

[1]*See Shute v. Texas,* 117 F.3d 233 (5th Cir.1997) (on rehearing);  *Tucker v. Johnson,* No. 97-20101, 1997 WL 367348, at *2 n. 3 (5th Cir. July 2, 1997) (on petition for rehearing);  *Green v. Johnson,* 116 F.3d 1115, 1120 (5th Cir.1997).

*Orozco.*[2]

Consequently, a COA is not needed in the instant case to vest jurisdiction in this court. *See Carter*, 117 F.3d at 264. Any error in the district court's issuance of the "certificate of probable cause" is now irrelevant. Because this court has jurisdiction over this appeal, we *sua sponte* direct that the appeal be submitted for consideration and action in accordance with the usual procedures.

IT IS SO ORDERED.

---

[2]The invocation of *Orozco* in *Youngblood, see* 116 F.3d 1113, 1114-15, does not undermine this conclusion. *Youngblood* post-dates *Lindh* but does not mention it. Therefore, we may assume that *Youngblood* applies pre-*Lindh* law and does not purport to settle, *sub silentio,* the question of *Lindh* 's effect on § 2255 motions.