IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40089
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TAYARI KANYA BLUITT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:94-CR-1-ALL
--------------------
June 5, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tayari Kanya Bluitt, federal prisoner # 04655-078, appeals from the dismissal of his "Motion to Amend Judgment and Sentence." He contends that the district court erred in construing his motion as one filed pursuant to 28 U.S.C. § 2255 and dismissing it for want of authorization to file a second such motion. Bluitt has also filed a motion to expedite this appeal.

The district court did not err in construing Bluitt's motion as one filed under § 2255. Bluitt's motion sought to raise a challenge to the validity of his sentence. As such, it is

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

properly the subject of a § 2255 motion.  See <u>Cox v. Warden, Fed. Detention Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir. 1990); <u>United States v. Rich</u>, 141 F.3d 550, 551-52 (5th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1011 (1999).

Because the district court properly construed Bluitt's motion to amend sentence as a § 2255 motion, Bluitt must obtain a certificate of appealability (COA) before he can appeal from the dismissal of his motion.  <u>See</u> 28 U.S.C. § 2253.  A COA ruling must be made in the first instance in the district court, and the district court should make such a ruling <u>sua</u> <u>sponte</u> if no request is made.  <u>See</u> <u>United States v. Youngblood</u>, 116 F.3d 1113, 1114 (5th Cir. 1997); <u>see</u> <u>also</u> Fed. R. App. P. 22(b)(1).  Although the district court did not construe Bluitt's notice of appeal as requesting a COA, we decline to remand this case in light of the patent frivolity of Bluitt's motion.  <u>See</u> <u>United States v. Alvarez</u>, ___ F.3d ___, (5th Cir. Apr. 14, 2000, No. 99-20883), 2000 WL 381461 at *1.  We therefore DISMISS this appeal for lack of jurisdiction.  Bluitt's motion to expedite this appeal is likewise DENIED.

APPEAL DISMISSED FOR LACK OF JURISDICTION; MOTION DENIED.