United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-61065
USDC No. 3:03-CV-1211-WS
Summary Calendar

ROBERT ALLEN,

Plaintiff-Appellant,

versus

RONNIE MUSGROVE, Governor; AMY TUCK, Lieutenant Governor;
CHRISTOPHER EPPS, Mississippi Department of Corrections Commissioner;
RON KING, Southern Mississippi Correctional Institution - Warden;
JOHNNIE DENMARK; JANE T BOND, Mississippi Department of Corrections-
Records Director; JOHN DOES;

Defendants-
Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
-------------------------------------------------------------

Before SMITH, DeMOSS, AND STEWART, Circuit Judges:

PER CURIAM:[*]

Robert Allen ("Allen"), Mississippi prisoner #85120, appeals the district court's dismissal of

his civil action with prejudice as to it being brought under 42 U.S.C. § 1983 and without prejudice

---

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for failure to exhaust state remedies as to it being brought as a habeas corpus action pursuant to 28 U.S.C. § 2254.

To the extent that Allen is appealing the district court's dismissal of his habeas corpus claims, Allen must obtain a certificate of appealability ("COA") before we have jurisdiction to consider his appeal. See 28 U.S.C. § 2253(c). The district court, however, did not rule on whether Allen should be granted a COA to appeal the dismissal of his habeas corpus claims. Although Allen has not requested a COA to appeal the dismissal of his habeas corpus claims, this court may construe his notice of appeal as such a request. See FED. R. APP. P. 22(b)(2).

Until the district court issues a COA ruling, this court lacks jurisdiction to address Allen's appellate COA request. See United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997). Accordingly, the case is REMANDED to the district court for the LIMITED PURPOSE of determining whether a COA should issue in accordance with FED. R. APP. P. 22(b) and 28 U.S.C. § 2253(c). See Youngblood, 116 F.3d at 1115. Once the district court has issued such a ruling, this court will consider both Allen's COA request and his 42 U.S.C. § 1983 claims.

LIMITED REMAND.