United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51049
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BUCKY CHARLES FITZGERALD,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:01-CR-549-2
---------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Bucky Charles Fitzgerald, federal prisoner # 28083-180, appeals from the district court's judgment dismissing his collateral challenge to his 2002 drug conviction. Fitzgerald had moved in the district court for issuance of a nunc pro tunc order to correct the sentence that he received under the federal sentencing guidelines.

As federal courts are courts of limited jurisdiction, Fitzgerald must have statutory authority for the filing of his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion.  <u>Veldhoen v. United States Coast Guard</u>, 35 F.3d 222, 225 (5th Cir. 1998).  Section 2255 of Title 28 is the means by which a federal prisoner may challenge the validity of his sentence. <u>United States v. Cates</u>, 952 F.2d 149, 151 (5th Cir. 1992).  Thus, Fitzgerald's motion should have been construed as a motion arising under 28 U.S.C. § 2255.  Such a recharacterization of Fitzgerald's motion has important consequences of which Fitzgerald should be apprised.  <u>See</u> <u>United States v. Castro</u>, 540 U.S. 375, 383 (2003).

Because Fitzgerald's motion was in the nature of a 28 U.S.C. § 2255 motion, this court lacks jurisdiction over Fitzgerald's appeal absent a certificate of appealability ruling in the district court.  <u>Muniz v. Johnson</u>, 114 F.3d 43, 45 (5th Cir. 1997); <u>United States v. Youngblood</u>, 116 F.3d 1113, 1114-15 (5th Cir. 1997).  The judgment of the district court is VACATED and this case is REMANDED for further proceedings.