United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 12, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-70019

**JACK HARRY SMITH,**

**Petitioner-Appellant,**

**versus**

**NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice
Correctional Institutions Division,**

**Respondent-Appellee.**

**Appeal from the United States District Court
for the Southern District of Texas
(H-04-CV-3562)**

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pursuant to the Antiterrorism and Effective Death Penalty Act
(AEDPA) (effective 24 April 1996), the district court denied:  (1)
relief on Jack Harry Smith's 28 U.S.C. § 2254 habeas application,
challenging his now almost 30-year-old state-court capital-murder
conviction;  and  (2)  a  Certificate  of  Appealability  (COA).
Therefore, Smith, a death-sentenced prisoner, seeks the required
COA from this court.  He requests a COA for two issues:  whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erred by applying an AEDPA-deferential, rather than a non-AEDPA-*de novo*, standard of review, to the state-habeas court's findings of fact and conclusions of law; and whether he "suffered prejudicial representation at [his 1978 capital-murder] trial respecting his 'right to testify'". Because, under AEDPA, Smith fails to show either that reasonable jurists could debate the district court's assessment of his constitutional claim or that the issue presented by the claim is adequate to proceed further, a COA is **DENIED**.

I.

Smith's capital-murder trial was held in July 1978, approximately seven months after the 7 January 1978 killing of Roy A. Deputter, during the aggravated robbery of a convenience store. On direct appeal, Smith conceded the evidence is sufficient to support his conviction. *Smith v. State of Texas*, 676 S.W.2d 379, 382 (Tex. Crim. App. 1984) (en banc). For example, Smith's co-defendant in the robbery, Jerome Hamilton, testified as follows.

After obtaining a sawed-off shotgun and .38 caliber pistol from acquaintances, Hamilton and Smith drove to a convenience store, about noon, and waited outside for customers to leave. After about 15 minutes, Smith, wearing a ski mask, and Hamilton, wearing a stocking over his face, entered the store. Smith went behind the counter, put his pistol to the cashier's abdomen, and

demanded money.  As the cashier filled a bag with money, Hamilton stood lookout, armed with the sawed-off shotgun.

About this time, Roy Deputter entered through the store's back door.  He did so just as a customer was walking through the front door, momentarily diverting Hamilton's attention.  When Hamilton turned back, Roy Deputter was aiming a pistol at him.  Hamilton ducked just as Roy Deputter fired at him.  Hamilton heard two additional shots, then saw Roy Deputter stagger toward the front of the store, fire an errant shot, and slump to the floor.  The cashier tossed the bag of money on the floor.  After fumbling the bag, spilling and then picking up the money, Smith and Hamilton fled, taking Roy Deputter's pistol with them.

Other witnesses, including the cashier, corroborated Hamilton's account of the events.  Several witnesses identified Smith, while others said he looked like one of the robbers. Medical evidence showed Roy Deputter died from two gunshot wounds consistent with a .38 caliber pistol.  On direct appeal, Smith conceded the evidence is undisputed he fired the fatal shots.  *Id.*

At the trial's punishment phase, the State entered in evidence documents showing Smith's:  four 13 May 1955 guilty-plea convictions (three for robbery by assault and one for theft); 7 April 1959 jury conviction of robbery by assault and sentence to life in prison; and 1963 prison-escape attempt.  Smith objected to the evidence detailing his 1963 escape attempt and his 1955

3

convictions because, he claimed, no attorney represented him.
Smith's counsel did *not* call any punishment-phase witnesses. The
jury imposed a sentence of death.

On direct appeal, the Texas Court of Criminal Appeals (TCCA)
affirmed Smith's conviction and sentence. *Smith v. State of Texas*,
676 S.W.2d 379 (Tex. Crim. App. 1984). The Supreme Court of the
United States denied review. *Smith v. Texas*, 471 U.S. 1061 (1985).

Smith filed a state-habeas application in May and October
1985. As described below, it was not decided until almost 18 years
later.

Following an evidentiary hearing on 2 June 1986, his
application lay dormant until 22 April 1997, when Smith filed an
amended application through new counsel, incorporating the 1985
claims and adding, *inter alia*, claims for ineffective assistance of
counsel (IAC). During this over-a-decade dormant period, as
discussed *infra*, in 1987, Smith was granted an out-of-time appeal
for his *1959* conviction; it was affirmed in 1988.

On 16 May 2001, represented by the same counsel as in 1997,
Smith filed a "superseding" habeas application, reasserting all
prior claims and adding the Sixth Amendment claim for which Smith
seeks a COA here: trial counsel's deficient performance concerning
his prior convictions (1955 and 1959) being introduced in evidence
prejudiced his right to testify at his capital-murder trial
(prejudice-to-testifying claim). A claim raised in a 23 August

4

2002 amendment to the 2001 superseding application was voluntarily dismissed that fall.

A hearing was held on 25 November 2002 by the state-habeas trial court on the 2001 superseding application. On 18 June 2003, with extremely detailed findings of fact and conclusions of law, the state-habeas trial court recommended the TCCA deny relief. This recommendation concluded the prejudice-to-testifying claim presented for the first time in Smith's 2001 superseding application "constitute[d] a subsequent application for writ of habeas corpus"; and, therefore, the state-habeas trial court was "required to send such claim to the [TCCA] to determine whether such claim meets the ... exception requirements" of Texas Code of Criminal Procedure article 11.071 § 5. (Article 11.071 § 5(f) provides: "If an amended or supplemental application is not filed within the time specified ... the court shall treat the application as a subsequent application....") In the alternative, the state-habeas trial court addressed the *merits* of this prejudice-to-testifying claim. It concluded that claim, as well as the remaining claims, lacked merit.

On 10 September 2003, approximately 18 years after Smith's original state-habeas application, the TCCA denied relief, but on a different basis for one claim (raised in 1997) than recommended by the state-habeas trial court. Drawing on its suggestion that article 11.071 § 5 might procedurally bar Smith's 2001 prejudice-

to-testifying claim, the TCCA dismissed that claim "for failing to satisfy the requirements of Art. 11.071, Sec. 5". *Ex parte Smith*, No. 8.315-06 (Tex. Crim. App. 10 Sept. 2003) (unpublished). In the same manner, it dismissed an IAC claim presented for the first time in the 1997 amended application, concerning the admission at sentencing of evidence of Smith's five prior convictions. The remaining seven claims were summarily denied as meritless, "based on the [state-habeas] trial court's findings and conclusions". *Id.*

Smith filed a federal habeas application under 28 U.S.C. § 2254 on 13 September 2004, raising, *inter alia*, the IAC-at-trial claims concerning counsel's asserted: (1) inadequate objections to evidence concerning Smith's prior convictions; and (2) prejudice to his right to testify. Through a 28 March 2006 summary judgment, the district court: denied relief on the merits for Smith's claims; and, *sua sponte*, denied a COA on all claims. In its detailed, comprehensive, and extremely well-reasoned opinion, the district court, *inter alia*, refused to apply the procedural bar relied on by the TCCA for two claims, including the prejudice-to-testifying claim for which Smith now seeks a COA. *Smith v. Dretke*, No. H-04-CV-3562, 2006 WL 801114 (S.D. Tex. 28 March 2006).

II.

Smith requests this court to grant a COA on two issues: (1) whether the district court erred by employing an AEDPA-deferential, rather than a non-AEDPA-*de novo*, standard of review to the state-

6

habeas court's findings and conclusions; and (2) whether Smith's counsel's claimed deficient performance at the punishment phase of his capital-murder trial prejudiced his Sixth Amendment right to testify.

An appeal from the denial of § 2254 habeas relief may *not* be taken unless a COA is granted, pursuant to the requirements imposed by AEDPA. *See* 28 U.S.C. § 2253(c). "Under AEDPA, a COA may not issue unless 'the applicant has made a substantial showing of the denial of a *constitutional right*'". **Slack v. McDaniel**, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)) (emphasis added). To satisfy this threshold requirement to appeal a habeas claim's being rejected, as here, on its merits, a petitioner must show "that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'". **Id**. at 484 (quoting **Barefoot v. Estelle**, 463 U.S. 880, 893 n.4 (1983)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the *constitutional claim*[] debatable or wrong." **Id**. (emphasis added).

## A.

Concerning the requested COA for Smith's claim that the district court erred in applying AEDPA's deferential standard of review, "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in

7

our federal system". *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Therefore, when a petitioner seeks federal habeas relief from a state-court decision, the federal court reviews that decision under AEDPA's deferential reasonableness inquiry, *not* under a *de novo* standard of review. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 404-405 (2000).

Needless to say, our COA inquiry is *not* a ruling on the merits of the issue for which a COA is requested. But, in deciding whether to grant a COA, we must obviously make a threshold examination of the district court's decision made pursuant to AEDPA. *E.g., Henderson v. Quarterman*, 460 F.3d 654, 659 (5th Cir. 2006). In that regard, AEDPA permits relief *only* on two bases.

First, relief is permitted *if* the state-court decision was contrary to, or an unreasonable application of, federal law. *Id.; see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) ("[Section] 2254(d)'s highly deferential standard [of review] for evaluating state-court rulings ... demands that state-court decisions be given the benefit of the doubt". (Internal quotation marks omitted.)). A legal conclusion is "contrary to" federal law if it is "opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts". *Williams*, 529 U.S. at 412-13. A decision unreasonably applies federal law when it "identifies the correct governing legal rule from [Supreme Court]

cases but unreasonably applies it to the facts of the particular state prisoner's case". *Id*. at 407; *see also* **Woodford**, 537 U.S. at 25 ("An '*unreasonable* application of federal law is different from an *incorrect* application of federal law'", the former being a more deferential standard. (quoting **Williams**, 529 U.S. at 410)(emphasis in original)).

The other basis for relief under AEDPA concerns state-court fact finding. Under AEDPA, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary". **Miller-El**, 537 U.S. at 340 (citing 28 U.S.C. § 2254(e)(1)). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in [the] light of the evidence presented in the state court proceeding". **Id.**; 28 U.S.C. § 2254(d)(2).

As noted, the district court denied relief on the merits, *not* on the mixture of procedural and merits grounds utilized by the TCCA. For the prejudice-to-testifying claim for which Smith now seeks a COA, the district court refused to defer to the TCCA's Article-11.071-procedural dismissal of that claim, first raised in 2001, because, *inter alia*, Article 11.071 (effective 1 September 1995) did *not* retroactively apply to Smith's original 1985 state-habeas application, which his 1997 and 2001 applications amended, but did *not* replace.

In his brief in support of his COA requests, Smith devotes two very summary paragraphs to his COA request for his claim that the district court should have reviewed his prejudice-to-testifying claim under a *de novo*, rather than AEDPA's deferential, standard of review. His underlying standard-of-review claim is based on the TCCA's *not* adopting the state-habeas trial court's findings and conclusions for its alternative merits decision on the prejudice-to-testifying claim. As discussed, the TCCA did not do so because it dismissed that, and another, claim on a procedural basis. It did adopt the findings and conclusions for the other seven claims.

Arguably, Smith has *not* adequately briefed this COA request. Moreover, although Smith requests a COA on this standard-of-review claim, he failed first to do so in district court. As noted, in denying habeas relief, the district court *sua sponte* denied a COA for the claims in Smith's federal application. Smith did *not* subsequently file a COA with the district court on his standard-of-review claim, which arose out of the court's denial of his prejudice-to-testifying claim. We will *not* consider a COA request presented here for the first time. ***Muniz v. Johnson***, 114 F.3d 43, 45 (5th Cir. 1997).

In any event, we question whether a COA would be required for a challenge to the standard of review employed by the district court. It does *not* appear to be a constitutional issue for which we can grant a COA, as emphasized *supra*. Likewise, it was *not* one

10

of the claims raised in Smith's federal application.  No authority need be cited for the rule that habeas claims cannot be raised for the first time on appeal.

Instead, the standard-of-review issue seems more properly considered as a sub-issue for whether to grant a COA on the prejudice-to-testifying claim.  We need *not* decide these questions, however, because, as discussed *infra*, the primary basis on which the district court denied the prejudice-to-testifying claim was *not* based on its review of the state-habeas trial court's findings and conclusions, but was instead based on the district court's independent analysis.  Accordingly, assuming *arguendo* the standard-of-review issue requires a COA, Smith's COA request is denied for that issue.

## B.

The constitutional claim for which Smith seeks a COA is for IAC prejudice-to-testifying.  In the state-habeas court, under the well-established two-prong test for IAC, Smith was required to show deficient performance by his counsel that prejudiced Smith's defense at trial or sentencing.  ***Strickland v. Washington***, 466 U.S. 668, 687 (1984).  In state-habeas court, demonstrating deficient performance at the capital-murder trial "require[d] showing that counsel made errors [at trial] so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment".  ***Id***.  To meet the second requirement, showing prejudice

11

at the capital-murder trial, Smith was required in state-habeas court to show "that counsel's errors [at trial] were so serious as to deprive [Smith] of a fair trial, a trial whose result is reliable". *Id.*

As discussed *supra*, under AEDPA, the district court reviewed the state-habeas court's IAC decision only for whether it is reasonable. And, our above-discussed COA standard is whether reasonable jurists would disagree with the district court's AEDPA-driven decision.

Smith contends he received IAC because his trial attorney caused him to waive his right to testify by failing to investigate Smith's prior convictions in 1955 and 1959. *See*, *e.g.*, **United States v. Teague**, 953 F.2d 1525, 1534 (11th Cir. 1992) ("Because it is primarily the responsibility of defense counsel to advise the defendant of his right to testify ... the appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance of counsel under **Strickland**".). According to Smith, had his capital-murder trial counsel investigated his 1959 conviction, he would have discovered Smith was denied representation on appeal in that case. Armed with this information, according to Smith, his trial counsel should then have made "[a]n appropriate objection [which] would have caused exclusion [of the 1959 conviction], allowing [Smith] to testify without fear of impeachment by way of prior conviction",

12

his four 1955 convictions being "well beyond the 10-year rule of thumb for impeachment in his [capital-murder] 1978 trial". By excluding the admission of these prior convictions, thus allowing him to testify, Smith contends a different result would have been reached.

Smith, however, fails in his brief here to support these contentions. Instead, he repeats the assertions made to the district court — *i.e.*, had his capital-murder trial attorney discovered the invalidity in his prior convictions, he could have testified and altered the result of his trial and/or sentencing. Smith does *not* point to any evidence or make any legal argument showing the district court's decision on this claim is debatable among reasonable jurists.

For Smith's IAC prejudice-to-testifying claim, the district court held, pursuant to AEDPA: Smith neither presented clear and convincing evidence to rebut the presumption of correctness accorded a state-habeas court's factual determinations nor showed the state-habeas court's legal conclusions were contrary to, or an unreasonable application of, federal law. Reviewing the state trial and habeas records, the district court found that the form judgments for Smith's 1955 convictions stated Smith "appeared in person and by Counsel". Smith admitted an attorney helped him sign the waiver form, but maintained the attorney "never discussed the facts or law with him, and never advised him of the rights he would

13

surrender by pleading guilty". Thus, Smith insisted this "constructive denial of counsel" should have precluded the admission of his 1955 convictions.

The district court acknowledged that, if Smith showed he had to "navigate a critical stage of the [1955] proceedings against him without the aid of an attorney dedicated to the protection of his ... rights", *Childress v. Johnson*, 103 F.3d 1221, 1229 (5th Cir. 1997) (internal quotation marks omitted), that would fall short of the Sixth Amendment standard made retroactively applicable to state courts through *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Smith*, 2006 WL 801114, at *11. *See also* *Beard v. Banks*, 542 U.S. 406, 417 (2004) (stating the Supreme Court has "repeatedly referred" to *Gideon* as an exception to non-retroactivity requirements).

Contrary to Smith's contentions, however, the district court found Smith's capital-murder trial attorney *did* object to the admission of his 1955 convictions on the grounds Smith was deprived of counsel in those matters. The capital-murder trial court overruled this objection. The district court reasoned: "Even had trial counsel objected more strenuously, Smith has not shown that he was actually or constructively without counsel at his 1955 guilty-plea hearing". *Smith*, 2006 WL 801114, at *12.

Along that line, and *not* deciding for present purposes *whether* the district court applied the correct standard of review to the state-habeas trial court's findings, that state court found the

14

1955 judgments showed Smith was represented by counsel in his guilty pleas and rejected Smith's "constructive denial of counsel" contentions. Moreover, notwithstanding any invalidity in Smith's 1955 convictions, that court concluded the State could have elicited testimony describing those crimes. Thus, the state-habeas trial court concluded Smith failed to meet *both Strickland* prongs: deficient performance and prejudice. Because, contrary to AEDPA, Smith did *not* present clear and convincing evidence to rebut the presumption of correctness accorded the state-habeas trial court's factual determinations, *Miller-El*, 537 U.S. at 340 (citing 28 U.S.C. § 2254(e)(1)), the district court did *not* hold unreasonable the state-habeas trial court's determination that Smith was *not* unrepresented at his 1955 guilty-plea hearing.

Likewise, regarding the admission of Smith's 1959 conviction at his capital-murder sentencing, the state-habeas trial court found that Smith was indisputably without assistance of counsel on direct appeal (in clear violation of the Sixth Amendment; in that regard, he was granted an out-of-time appeal in 1987, with his conviction's being affirmed in 1988, ten years after his 1978 murder-trial and 15 years before the denial of state-habeas relief). Nevertheless, the state-habeas trial court found the State "*could have* presented witnesses to testify at the punishment phase of the [capital-murder] trial regarding the details of the

15

[1959] offense". Therefore, the state-habeas trial court concluded Smith failed to show **Strickland** prejudice.

Although the district court did *not* agree that the State necessarily *could have* produced witnesses to testify to the underlying facts of the 1959 offense, it did not hold unreasonable the state-habeas court's conclusion that Smith failed to show IAC prejudice:

> Even excluding the 1959 conviction, the jury still had before it his [four] 1955 convictions and his [1963] escape attempt. The jury could also consider the brutal nature of Smith's [capital-murder] case in determining the punishment verdict.... The defense presented no mitigating evidence, and Smith points to no such evidence that counsel should have, but did not, present. While certainly a factor deserving consideration, the 1959 conviction was not the lynchpin holding the prosecution's case together.

**Smith**, 2006 WL 801114, at *15 (internal citation omitted). Applying AEDPA's deferential standard, **Woodford**, 537 U.S. at 24 (citing 28 U.S.C. § 2254(d)), the district court held Smith failed to show the state-habeas court's conclusion was contrary to, or an unreasonable application of, **Strickland**'s prejudice prong.

As discussed *supra*, we need *not* decide whether the district court applied the wrong standard of review for the state-habeas trial court's findings and conclusions. This is because of the following holding by the district court: that Smith failed to provide support in district court for his claim that counsel's deficient performance prejudiced his right to testify.

16

> Smith does not provide this Court with any competent support for his contention that he wanted to testify at [his capital-murder] trial. Smith provides no affidavit or similarly verified document attesting to his desire to testify on his own behalf. Importantly, Smith fails to provide any indication of what his testimony would have been had he testified. Smith asks this Court to grant habeas relief on the simple, unsupported allegation that he would have testified, without regard to the substance of that testimony. Smith's argumentation deprives this Court of the ability to consider the impact of his putative testimony on his trial. Smith's speculative assertions fail to demonstrate the existence of a *constitutional violation*. The state court's rejection of this claim was not contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d)(1).

*Smith*, 2006 WL 801114, at *15 (emphasis added).

On this basis alone, reasonable jurists would *not* disagree with the district court's denial of relief for Smith's prejudice-to-testifying claim. Nor does the issue presented by that claim justify proceeding further.

III.

For the foregoing reasons, a COA is

*DENIED.*

17