# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-40466
Summary Calendar

UNITED STATES OF AMERICA

                    Plaintiff-Appellee

v.

CANDIDO GAYTAN-ORTIZ

                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CV-97
USDC No. 5:04-CR-616-1

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Candido Gaytan-Ortiz (Gaytan) pleaded guilty to possession with intent to distribute more than 100 kilograms of marijuana and was sentenced to 63 months of imprisonment to be followed by five years of supervised release. Gaytan filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence was unconstitutional in light of the decision in United States v. Booker, 543 U.S. 220 (2005). The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied Gaytan's § 2255 motion but granted a certificate of appealability (COA).

28 U.S.C. § 2253(c) provides,

(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The district court discussed Fanfan and Booker issues, as well as ineffective assistance of counsel, but concluded that the Fanfan and Booker error did not affect Gaytan's substantial rights and failed to indicate whether there was a substantial showing of the denial of a constitutional right with respect to the ineffective assistance issue. The court failed to clearly specify on which issue or issues a COA was granted. This court therefore lacks jurisdiction to review the district court's denial of Gaytan's § 2255 motion. See Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997); United States v. Youngblood, 116 F.3d 1113, 1114 (5th Cir. 1997). Accordingly, we order a LIMITED REMAND to the district court for the sole purpose of determining which issue or issues warrant the grant of a COA and entering an appropriate order. Once the record is supplemented with a certified copy of the order, the case shall be returned to this court for further proceedings. Pending the district court's compliance, this court retains jurisdiction of this case for all other purposes.