**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-51059
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARRIE LAVERT SAMUELS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:02-CR-108-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Garrie Lavert Samuels, federal prisoner # 27012-077, appeals from the district court's order denying his motion for relief from judgment from the denial of his 28 U.S.C. § 2255 motion pursuant to FED. R. CIV. P. 60 (b). Samuels now moves this court for leave to proceed in forma pauperis (IFP) on appeal.

This court must examine the basis of its jurisdiction sua sponte if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A certificate of appealability (COA) is required from "the final order in a habeas corpus

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding." 28 U.S.C. § 2253(c)(1). The denial of a Rule 60(b) motion is a final appealable order within the meaning of § 2253, which requires a COA from a final order in a habeas proceeding. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007). This court lacks jurisdiction over Samuels's appeal absent a COA ruling in the district court. *See Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997); *United States v. Youngblood*, 116 F.3d 1113, 1114-15 (5th Cir. 1997). Accordingly, Samuels's IFP motion is premature and will be denied without prejudice. This case is remanded to the district court for the limited purpose of considering whether a COA should issue.

IFP DENIED; REMANDED.