# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2011

No. 10-41130
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CIRO CAICEDO-OBANDO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CV-119
USDC No. 5:08-CR-226-2

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In 2008, Ciro Caicedo-Obando, federal prisoner # 82561-179, pleaded guilty to conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and was sentenced to 262 months of imprisonment and five years of supervised release. More than four months after the denial on the merits and subsequent dismissal of his 28 U.S.C. § 2255 motion, Caicedo-Obando submitted several copies of a "notice to file an out of time direct appeal" (the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41130

notice-motion) to the district court. One copy of the notice-motion was forwarded to this court as a notice of appeal from the § 2255 dismissal. This court dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely. *United States v. Caicedo-Obando*, No. 10-40692 (5th Cir. Sept. 13, 2010) (unpublished).

The district court then construed one copy of the notice-motion as a motion to extend the time to file an appeal from its dismissal of Caicedo-Obando's § 2255 motion and denied it as untimely and, in light of this court's dismissal of the appeal, as moot. Caicedo-Obando seeks a certificate of appealability (COA) to appeal the district court's denial of this notice-motion. Caicedo-Obando raises two arguments challenging the district court's dismissal of his § 2255 motion; one argument raised for the first time in his COA brief alleging a new claim of ineffective assistance of counsel at sentencing; and one argument challenging the district court's failure to construe the notice-motion as raising a new claim that counsel was ineffective for disregarding Caicedo-Obando's direction to appeal the underlying sentence and failure to consolidate that new claim with the previously denied § 2255 motion.

If Caicedo-Obando's notice-motion had sought only to extend the time to appeal the dismissal of the § 2255 motion, as the district court construed it, a COA might not be required. *See Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002). However, as Caicedo-Obando argues, his notice-motion did not seek to extend the time to appeal the denial of the § 2255 motion; it sought to reopen the time to appeal directly from the judgment of conviction and sentence. The notice-motion, which raised a new claim of the denial of effective assistance of counsel on direct appeal, should have been construed as a second or successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). A COA is required to appeal the denial of such motion. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007); *see also* 28 U.S.C. § 2253(c)(1)(B).

No. 10-41130

The district court did not determine whether a COA should issue from the denial of the notice-motion. Accordingly, we lack jurisdiction over the present appeal. *See Sonnier v. Johnson*, 161 F.3d 941, 945-46 (5th Cir. 1998); *United States v. Youngblood*, 116 F.3d 1113, 1114 (5th Cir. 1997).

This court declines to remand this case to the district court for a COA ruling in light of the patent frivolity of Caicedo-Obando's appeal. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). The appeal is frivolous because the notice-motion was a successive § 2255 motion that the district court did not have jurisdiction to consider without authorization from this court, which was neither sought nor given. *See* 28 U.S.C. § 2244(b)(3); § 2255(h); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Caicedo-Obando's arguments challenging the dismissal of the underlying § 2255 motion and his new claim of ineffective assistance of counsel at sentencing are not properly before this court on appeal from the denial of the notice-motion.

Accordingly, the instant appeal is DISMISSED for lack of jurisdiction. Caicedo-Obando's motions for a COA and for leave to proceed in forma pauperis on appeal are DENIED as MOOT.