# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 9, 2013

Lyle W. Cayce
Clerk

No. 12-10967
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIUS JUNIOR AJAH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-912
USDC No. 4:08-CR-14-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Julius Junior Ajah, federal prisoner #36907-177, was convicted of possession with intent to distribute more than five kilograms of cocaine and sentenced to 151 months in prison. Ajah seeks a certificate of appealability (COA) to appeal the denials of his 28 U.S.C. § 2255 motion and of his motion to alter or amend that judgment pursuant to Federal Rules of Civil Procedure 52(b) and 59(e).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10967

A COA is required to appeal "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). Because Ajah's motion sought to alter or amend the judgment denying his § 2255 motion, a COA is required. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007); *United States v. Hernandez*, No. 12-40243, 2013 WL 698396 at *1 (5th Cir. Feb. 26, 2013) (§ 2255 case citing *Ochoa Canales*). However, the district court did not address whether a COA was warranted when it denied Ajah's motion to alter or amend.

We assume without deciding that we lack jurisdiction over the appeal from that judgment pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, which has language similar to former Rule 22 of the Federal Rules of Appellate Procedure. *See United States v. Youngblood*, 116 F.3d 1113, 1114 (5th Cir. 1997). We decline to remand this case to the district court for a COA ruling because Ajah has not briefed, and thus has abandoned on appeal, any challenge to the district court's denial of that motion. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The appeal from the denial of the motion to alter or amend is DISMISSED for lack of jurisdiction, and Ajah's motion for a COA is DENIED as moot.

In the alternative, even if we assume that we have jurisdiction over the appeal without the district court's ruling on a COA, we would deny a COA as to the motion to alter or amend. To obtain a COA, Ajah must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Because Ajah has failed to brief any arguments regarding the denial of his motion to alter or amend, he has not made the required showing, and Ajah's motion for a COA is DENIED.

Although Ajah filed a notice of appeal within 60 days of the entry of the entry of the judgment denying his § 2255 motion, he withdrew that appeal. In light of the district court's unchallenged determination that Ajah's motion to alter or amend pursuant to Rules 52(b) and 59(e) motion was untimely, Ajah's

No. 12-10967

notice of appeal was untimely as to the judgment denying his § 2255 motion. *See* FED. R. APP. P. 4(a)(4)(A)(ii), (iv). Accordingly, we lack jurisdiction over an appeal of that judgment. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). The appeal from the denial of the § 2255 motion is DISMISSED for lack of jurisdiction, and Ajah's motion for a COA is DENIED as MOOT.