# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2015

No. 15-50018
Summary Calendar

Lyle W. Cayce
Clerk

CHRIS LENAL STALLWORTH,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CV-387

Before JONES, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Chris Lenal Stallworth, Texas prisoner # 1630056, moves for a certificate
of appealability (COA) and to proceed in forma pauperis (IFP) to appeal the
district court's denial of his Federal Rule of Civil Procedure 60(b) motion for
reconsideration of the judgment dismissing as time barred his 28 U.S.C. § 2254

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-50018

petition challenging his conviction for burglary of a habitation. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007).

The district court did not expressly determine whether a COA should issue from the denial of the Rule 60(b) motion. Ordinarily, we would conclude that we lack jurisdiction over the present appeal and remand. *See Sonnier v. Johnson*, 161 F.3d 941, 945-46 (5th Cir. 1998); *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). However, we decline to remand this case to the district court for a COA ruling[1] because the district court lacks jurisdiction over this Rule 60(b) motion. The motion, which was not directed to the procedural ruling and did not allege a defect in the integrity of the proceedings, was really a successive § 2254 application. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Thus, the district court did not have jurisdiction to consider the motion without authorization from this court, which was neither sought nor given. *See* 28 U.S.C. § 2244(b)(3); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The appeal is DISMISSED for lack of jurisdiction, and Stallworth's motions for a COA and for IFP are DENIED AS MOOT.

---

[1] Because we conclude that remand is inappropriate for other reasons, we need not address whether the district court's January 9, 2015 order referring to its prior denial of a COA, denying IFP status, and concluding that an appeal would be frivolous constitutes an implicit denial of an application for COA.